**NATIONAL LABOR RELATIONS
BOARD**

v.

**SOUTHEASTERN PIPE LINE CO.**

**No. 14711.**

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1954.

David P. Findling, Asso. Gen. Counsel N. L. R. B., A. Norman Somers, Asst. Gen. Counsel N.L.R.B., Washington, D. C., William Pate, Chief Law Officer, N.L.R.B., Atlanta, Ga., George J. Bott, General Counsel, Samuel M. Singer, Washington, D. C., Alan R. Waterstone, Detroit, Mich., for petitioner.

M. E. Kilpatrick, A. G. Cleveland, Jr., Atlanta, Ga. (Smith, Kilpatrick, Cody, Rogers & McClatchey, of counsel, Atlanta, Ga.), for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The order herein sought to be enforced was issued on March 6, 1953. The unfair labor practices therein mentioned having occurred in the State of Georgia, within this judicial circuit, this court has jurisdiction under Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e). In June of

1951, the union began to organize the respondent's employees. One of the leading pro-union employees was T. E. Barcroft, who was employed at that time as a clerk. He campaigned actively for the union by talking to the other employees, seeking and obtaining signed union cards.

Barcroft's duties as an employee included taking dictation and typing letters for the superintendent of the respondent's northern division, keeping records, securing and distributing materials and supplies. In the performance of these duties, he came in direct contact with a number of other employees, and was thereby able to assist the union in its organizational drive before the election. The board ordered an election, and the union was duly certified as the bargaining representative of respondent on August 9, 1951. Shortly after the union won the election, Barcroft was transferred to the respondent's general office, where he was made a clerk. To fill his former position, the respondent transferred a part-time chemist to the warehouse, and combined the latter's duties to include those of a clerk and chemist.

The board concluded, in agreement with the trial examiner, that Barcroft's transfer was due to his union activities, and that the respondent had violated Section 8(a)(3) of the Act, 29 U.S.C.A. § 158(a)(3); it found further that the respondent, by its discriminatory transfer of Barcroft, its threats of reprisals against him and other practices, interfered with, restrained, and coerced its employees, in violation of Section 8(a)(1) of the Act. It ordered respondent to cease and desist from its unfair labor practices, to post appropriate notices, and to offer to Barcroft reinstatement to his former job of clerk-warehouseman.

The board did not accept the recommendation offered by the trial examiner that the respondent should be relieved of its obligation to make the said reinstatement effective if it proved to the board that, for legitimate business reasons, it was advantageous to continue its present arrangement of operating with the combined job, and that an undue hardship would result from the requirement that it reinstate Barcroft. After the issuance of the trial examiner's intermediate report, the respondent filed a motion with the board for leave to present additional evidence showing that the reinstatement of Barcroft would work an undue hardship on the respondent, which motion was overruled. After the filing of the board's petition for the enforcement of its order, the respondent filed its motion in this court under Section 10(e) of the Act for a remand of the case to the board, so that it could adduce additional evidence with respect to the alleged hardship resulting from the ordered reinstatement of Barcroft.

The evidence fully supports the board's finding that the transfer of Barcroft was discriminatorily motivated; but the rejection of respondent's offer to show that the retransfer of Barcroft to his former position presents a question of law. The respondent offered to show that the duties of the chemist Brown, who replaced Barcroft, had become considerably less by reason of the operation of another chemical laboratory; that the respondent had been planning for Brown to take over the combined job of chemist and clerk-warehouseman before the union's activities began; that the contemplated change occurred earlier because of Barcroft's transfer; that no additional compensation was paid to Brown when he took over the combined job; that Barcroft's transfer into a vacancy in another department saved the respondent the amount of one employee's salary; and that the reinstatement of Barcroft to his former job would require the respondent to expend money for an employee for whose services it has no need. The board considered such proffer of evidence immaterial to the issue of reinstatement, and refused to accept such hardship plea.

Barcroft was transferred from his job as clerk-warehouseman in respondent's northern division to a job as clerk in respondent's traffic department, located in the City of Atlanta, a distance of twelve miles from his former job. His pay and hours of work remained the same, and he performed work of a clerical nature which was similar to a large portion of his work in his former job. The combined position created by the respondent requires a knowledge of chemistry, which Barcroft does not have. There is no claim or charge made against the respondent for back pay, as the employee has continued in his employment with respondent at the same salary with a usual cost-of-living raise. It appears from the proffered proof that the transfer was an economic expedient resulting in increased efficiency and a saving in expense for the respondent. To order the re-transfer of Barcroft to a position which respondent has abolished would be a usurpation of the inherent prerogatives of management to operate its business more efficiently by reducing the expenses thereof. The employee has never been discharged and has no complaint as to salary. He prefers the site of his former job. Union Drawn Steel Co. v. N. L. R. B., 3 Cir., 109 F.2d 587; N. L. R. B. v. Lightner Publishing Corp., 7 Cir., 128 F.2d 237; N. L. R. B. v. Vail Mfg. Co., 7 Cir., 158 F.2d 664.

The board's order will be enforced as to the requirement that the respondent cease and desist from its unfair labor practices, but the enforcement of said order will be denied as to the re-transfer of Barcroft to the site of his former position. Accordingly, with the modification mentioned, the order of the board will be enforced.

Modified and Enforced.

RIVES, Circuit Judge (Concurring in Part and Dissenting in Part).

I concur except as to the denial of reinstatement of Barcroft to his former job. I concur further that, if such reinstatement would require respondent to hire two employees where only one is needed, then it should be denied; but, for reasons adequately stated by the Trial Examiner,[1] I do not think that the present record shows that to be a fact. The majority of this Court arrives at that result, so it seems to me, by considering the proffered but refused evidence as if it had been received. If that evidence had been admitted by the Board, the witnesses would have been subject to cross-examination and rebuttal evidence might have been offered to produce a result different from that

1. "There is nothing in this record indicating that these jobs would have been combined for nondiscriminatory reasons. To the contrary, the evidence is to the effect that combining of these jobs was an expedient resulting from the transfer of Barcroft. Whether it was an economic expedient resulting in a saving in efficiency and expense for respondent is speculative and is not revealed by this record. It is possible, of course, that combining of these jobs has proved beneficial to Respondent and that for legitimate business reasons it desires to continue the present method of operating. However, this record does not furnish sufficient information to form a basis for determining that question. For example, the evidence is not adequate to form a basis from which a comparison can be made of the effectiveness of the present method of operating and of the method of operating previously, there is no evidence from which a comparison can be made with the situation prevailing in the southern division, and there is no evidence concerning the duties formerly performed by Brown at the general offices of Respondent. Maybe these duties are not now performed. On the other hand it may be that additions were made to the staff to compensate for Brown's removal therefrom and that the combining of Barcroft's and Brown's jobs at the warehouse does not in fact accomplish greater efficiency or a saving in expense. For similar reasons it can not be determined from this record whether reinstatement of Barcroft to his former position as clerk warehouseman would work an undue hardship on Respondent."

'reached by the majority in considering the evidence already a part of the record. It seems to me that the right modification of the Board's order in this respect would be to accord with that part of the order recommended by the Examiner.[2] I, therefore, respectfully concur in part and dissent in part.

2. "Offer· T. E:., Barcroft immediate and full reinstatement to his former job of clerk warehouseman, unless it proves as hereinabove provided, that to reinstate Barcroft would cause an undue hardship and that neither his former job or a substantially equivalent one exists."